IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHELLE LYNN EXLEY,

    Plaintiff,

v.                                                                                         Civil Action No.:1:15–CV–141
                                                                                             (JUDGE KEELEY)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On March 20, 2015, the Plaintiff, Richelle Lynn Exley ("Ms. Exley" or "Plaintiff"), proceeding *pro se*, filed a complaint in this Court to obtain judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner" or "Defendant") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. ECF No. 1.

Plaintiff also filed a motion to proceed *in forma pauperis* that the undersigned granted on August 19, 2015. ECF Nos. 2 & 4. The Commissioner filed her Answer on October 19, 2015. ECF No. 8. The Plaintiff then filed her Motion for Summary Judgment on November 23, 2015. ECF No. 13. The Commissioner filed her Motion for Summary Judgment on December 15, 2015. ECF No. 14. For the following reasons, I recommend that Plaintiff's Motion for Summary Judgement be **DENIED** and Commissioner's Motion for Summary Judgement be **GRANTED**.

## II. FACTS

Plaintiff applied for DIB and SSI benefits alleging a disability beginning January 1, 1994. R. 13.[1] Plaintiff's claims were initially denied on May 3, 2012, and upon reconsideration on July 30, 2012. *Id.* On September 8, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* An ALJ hearing was held on February 25, 2014, by video, before ALJ Jeffrey P. La Vicka. *Id.*; R. 27. Plaintiff, representing herself, testified at the hearing, as did a Vocational Expert ("VE"). R. 13. On March 10, 2014, the ALJ issued an unfavorable decision. Plaintiff appealed this decision to the Appeals Council, which denied her request for review on June 23, 2015. R. 1–6. Plaintiff then timely brought her claim before this Court.

## III. ALJ FINDINGS

In determining whether Ms. Exley was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires

---

[1] In her Motion for Summary Judgment, the Plaintiff asserts that someone from the Social Security office who helped her fill out her application put January 1, 1994, as her onset date, but this date is incorrect. Plaintiff claims she took a letter to the Social Security office explaining that she was not sure of an exact date, but it should be April 8, 2007, when she saw her husband take his life. Plaintiff has been unable to find a copy of that letter in her paperwork. *See* ECF No. 13 at 1. However, with regard to the 1994 onset date and Ms. Exley's subsequent earnings, the ALJ stated, "in order to accord the claimant the utmost benefit of the doubt, the undersigned will consider the medical evidence to determine the claimant's eligibility for benefits during the period at issue." R. 16.

the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. §§ 404.1520(e); 416.920(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983).

Here, as a preliminary matter, the ALJ determined that Ms. Exley met the insured status requirements set forth in the Social Security Act through June 30, 2009. R. 15. At step one of the sequential process, the ALJ found that Ms. Exley had not engaged in substantial gainful activity since January 1, 1994. *Id.* At step two, the ALJ found that Ms. Exley had the following severe impairments: "disorders of gastrointestinal system; obesity; sacroiliac joint fibrosis; polyarthritis; sacroilitis with back pain; small fiber neuropathy; affective disorders; and anxiety disorders." R. 16. At the third step, the ALJ found that none of Ms. Exley's impairments met or medically equaled the severity of any of the impairments

contained in the Listings. R. 16. The ALJ then determined that Ms. Exley had the following RFC:

> [A] capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: requires a sit/stand option allowing the individual to alternate between sitting and standing up to two minutes at a time at 30 minute intervals without going off task; can never perform foot control operations with either lower extremity; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, but can never climb ladders, ropes or scaffolds; must avoid concentrated exposure to extreme cold and heat, wetness and humidity, vibration, irritants such as fumes, odors, dust, and poor ventilation, and chemicals; must avoid all exposure to unprotected heights, hazardous machinery, and commercial driving; work is limited to simple routine and repetitive tasks requiring only simple decisions involving no fast paced production requirements and few workplace changes; and work must require no interaction with the public, and only occasional interaction with co-workers and supervisors.

R. 19. At step four, the ALJ found that Ms. Exley was unable to perform any past relevant work. R. 26. The ALJ determined that Ms. Exley was a "younger individual" on the alleged disability onset date. *Id.*; *see* 20 C.F.R. § 404.1563.

The ALJ concluded that, "[c]onsidering [Ms. Exley's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy." R. 26; *see also* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a).

### IV. MOTIONS FOR SUMMARY JUDGMENT

**A. Contentions of the Parties**

In Ms. Exley's *pro se* Motion for Summary Judgment, she appears to argue that the ALJ failed to consider her entire medical history, and she is disabled.

In her Motion for Summary Judgement, the Commissioner argues that substantial evidence supports the ALJ's decision. ECF No. 15. Specifically, the Commissioner asserts that the ALJ accurately formulated Ms. Exley's RFC, both on or before her date last insured

4

and through the date of the ALJ's decision. *Id.*

**B. The Standards**

1. <u>Summary Judgment</u>

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

2. <u>Judicial Review</u>

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664–65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The

decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3).

3. Claimant's Credibility

"Because he had the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citing *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976)). "We will reverse an ALJ's credibility determination only if the Claimant can show it was 'patently wrong.'" *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) (quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)).

4. Pro Se Plaintiffs

The Court must consider the appropriate framework when the Plaintiff represented himself at the ALJ hearing and has also filed the civil action *pro se*.

> A disability claimant is entitled to a full and fair hearing. Good cause sufficient to remand under 42 U.S.C. § 405(g) may exist if a claimant is not provided a full and fair hearing. However, absence of counsel does "not by itself [indicate] that a hearing was not full and fair"; remand is proper where lack of representation results in "clear prejudice or unfairness" to the claimant. In pro se cases, an ALJ has a duty to "'scrupulously and conscientiously . . . probe into, inquire of, and explore for all the relevant facts.'" An ALJ's failure to fulfill this duty to pro se claimants may result in remand where the absence of counsel results in prejudice to the claimant.

*Goodwater v. Barnhart*, 579 F. Supp. 2d 746, 754–55 (D.S.C. 2007) *aff'd sub nom. Goodwater v. Astrue*, 263 F. App'x 338 (4th Cir. 2008) (internal citations omitted).

The Court will "construe *pro se* pleadings and arguments liberally in light of a party's

6

lay status, but must zealously guard [its] raison d'être as neutral and unbiased arbiters." *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005). Furthermore, this Court is "not bound to 'scour the record for every conceivable error,' but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized." *Id.* (internal citations omitted). Thus, the Court reviews the ALJ's decision and considers not only the Plaintiff's articulated contentions, but also what, if anything, the Court finds should be discussed in light of the Plaintiff's lack of representation.

**C. Discussion**

The Fourth Circuit has been clear that an ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir.1985)). In reviewing the case to determine whether substantial evidence exists, this Court "should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id.* (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

The Plaintiff's Motion, liberally construed, alleges that the ALJ did not consider all of her medical history, and, therefore, his decision is not supported by substantial evidence. However, after carefully reviewing the ALJ's decision, the undersigned disagrees.

The ALJ's decision thoroughly explained both his findings and their support in the

7

record, as well as the applicable rulings and regulations. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 20. The ALJ noted that the objective evidence, testing, and findings, including x-rays and MRIs, are relatively "mild in nature." Id. The ALJ elaborates, in detail, upon how he arrived at Plaintiff's RFC, noting numerous significant medical events and findings. R. 19–26. The ALJ noted that, [i]n sum, the above [RFC] assessment is supported by the objective longitudinal medical evidence of record." R. 21. The undersigned agrees and now also finds that substantial evidence supports the ALJ's decision.

## V. RECOMMENDATION

Based on the foregoing, the undersigned concludes that the ALJ's decision was based on substantial evidence and **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 13] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 14] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright*

8

*v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

DATED: May 17, 2016 /s/ *James E. Seibert*
**JAMES E. SEIBERT**
**U.S. MAGISTRATE JUDGE**